CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JAN 19 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CLARENCE THOMAS, | ) | CASE NO. 4:10CV00015 |
| Plaintiff, | ) ) | |
| | ) | REPORT AND RECOMMENDATION |
| v. | ) ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | By: B. Waugh Crigler U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's July 24, 2006 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned RECOMMENDS that an Order enter REMANDING the case to the Commissioner for further development of the record by securing a consultative mental status examination.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff was insured for benefits through June 30, 2009, and that he had not engaged in substantial gainful activity since June 15, 2005, his alleged disability onset date. (R. 15-16.) The Law Judge believed that plaintiff had severe impairments, but that he did not have an impairment or combination of impairments which met or equaled a listed impairment. (R. 16, 18.) The Law Judge believed that plaintiff's medically determinable impairments reasonably could be expected to produce his alleged symptoms, but his statements concerning the intensity, persistence and limiting effects of these symptoms were

not credible to the extent they were inconsistent with the Law Judge's residual functional capacity ("RFC") finding. (R. 21.) The Law Judge determined that plaintiff retained the RFC to perform unskilled work at least at the sedentary exertional level. (R. 20.) The Law Judge found that plaintiff was limited in his ability to maintain concentration for extended periods of time, but that he can interact appropriately with others and has adequate mental functioning and concentration to perform simple repetitive tasks on a regular basis. (*Id.*) Moreover, he can lift/carry at least ten pounds, stand/walk at least two hours in and eight-hour workday, and is unlimited in his ability to sit. (*Id.*) The Law Judge determined that plaintiff had no postural, manipulative, visual, communicative, or environmental limitations. (*Id.*) The Law Judge concluded that plaintiff could not perform any of his past relevant work, but that other jobs existed in substantial numbers in the national economy that he could perform. (R. 22-23.) Thus, the Law Judge ultimately found plaintiff was not disabled under the Act. (R. 23.)

Plaintiff appealed the Law Judge's February 28, 2008 decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision. (R. 1-3.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of

the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff argues that it was irrational and reversible error for the Law Judge to discount the opinions offered by his treating source Eileen P. Houston, LCSW, and consulting examiner Blanche Williams, Ph.D., a licensed clinical psychologist. (Pl's Brief, pp. 21-25.) Plaintiff also argues that the Law Judge erred by discounting the opinions of Houston and Dr. Williams to find that he was not credible. (R. 25-26.) The record is not adequately developed for the undersigned to determine whether plaintiff's arguments are meritorious.

Dr. Williams conducted a psychological examination on plaintiff on January 21, 2008. (R. 321-325.) She diagnosed plaintiff as suffering with dysthymic disorder; major depression, severe; post-traumatic stress disorder; and cognitive disorder, NOS. (R. 324.) Dr. Williams opined that plaintiff was not capable of performing even simple, repetitive tasks on a consistent basis, he could not maintain regular work attendance or work consistently through a day or week without frequent interruption from severe psychiatric symptoms, and he would require special assistance on any job to which he might be assigned. (R. 325.) The psychologist further opined that plaintiff could not interact properly with supervisors, coworkers, or the public, and he was not capable of effectively coping with the usual stresses of competitive work. (*Id.*)

The Law Judge concluded that Dr. Williams' January 21, 2008 assessment was entitled to "no significant weight." (R. 22.) In support of his decision to discount Dr. Williams' assessment, the Law Judge noted that Dr. Williams' assessment lacked consistency with and was

not supported by the other evidence of record, including statements from plaintiff's treating therapists. (*Id.*)

Eileen P. Houston, LCSW[1] was one of plaintiff's primary treating therapists. In a statement dated February 1, 2008, Houston noted that plaintiff's signs and symptoms included the following: sleep disturbance, mood disturbance, emotional lability, anhedonia or pervasive loss of interest, feelings of guilt/worthlessness, suicidal ideation, social withdrawal or isolation, decreased energy, generalized persistent anxiety, and irritability. (R. 329.) Houston opined that plaintiff's *highest* global assessment of functioning ("GAF")[2] over the past year had been 60 and that his GAF at the time of her assessment was also 60. (*Id.*) A GAF score of 60 indicates "moderate" symptoms or difficulties. American Psychiatric Association, Diagnostic and Statistical Manual Mental of Mental Disorders 34 (4th ed. 2000) ("DSM-IV").

The State agency mental health record review before the Law Judge consists of a Psychiatric Review Technique dated September 6, 2006. (R. 248-260.) This assessment reveals an opinion by the State agency record reviewer that plaintiff suffers only mild limitations. (R. 258.) Even so, this evaluation of medical records did not have the benefit of review of Dr. Williams' assessment because the State agency record review was conducted well over a year before Dr. Williams' evaluation was done.

---

[1] Houston is neither a medical expert nor an "acceptable medical source." *See* 20 C.F.R. §§ 404.1513(a), 416.913(a). As a social worker, her opinion may provide insight into the severity of the claimant's impairment(s) and how it affects the claimant's ability to function. Soc. Sec. Rul. ("S.S.R.") 06-03p, 2006 WL 2329939, at *2; *see also* 20 C.F.R. §§ 404.1513(d)(3), 416.913(d)(3) (defining "other sources" as including social welfare agency personnel).

[2] GAF ratings are subjective determinations based on a scale of zero to one hundred of "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Association, Diagnostic and Statistical Manual Mental of Mental Disorders 32 (4th ed. 2000) ("DSM-IV Manual").

4

The undersigned believes that Dr. Williams' evidence certainly should have signaled to the Commissioner that plaintiff's mental impairment was at a level of severity which, at the least, in turn should have triggered further evaluation. Yet, the Commissioner simply dismissed this evidence as providing no basis to review the Law Judge's decision. In the undersigned's judgment that is not the case, and good cause has been shown to remand the case to the Commissioner for further proceedings. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (holding that the Law Judge has a duty to develop the record beyond the evidence submitted by the claimant when that evidence is clearly inadequate).

For the reasons set forth above, the undersigned RECOMMENDS that an Order enter REMANDING the case to the Commissioner for further development of the record by securing a consultative mental status examination.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/
U.S. Magistrate Judge

Date: January 19, 2011