IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| CLARENCE THOMAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY, ) <br> ) <br> Defendant. ) | Case No. 4:10CV00015 <br><br> **MEMORANDUM OPINION** <br><br> By: Jackson L. Kiser <br>     Senior United States District Judge |

I. **Facts and Procedural History**

Claimant Clarence Thomas filed applications for a period of disability, disability insurance benefits, and supplemental security income on July, 24, 2006, alleging disability beginning June 15, 2005. R.13. Claimant based his disability claim on problems with his right knee, obesity, depression/anxiety, hyperlipidemia and hypercholesterolemia. R. 16. This appeal is pursuant to Claimant's second attempt to apply for benefits. Claimant previously filed applications for benefits on March, 29, 2004. R. 13. Those claims were denied initially and on reconsideration, and the Administrative Law Judge ("ALJ") and Appeals Council also denied the claims. *Id.*

Claimant's applications in the present matter were denied initially on September 14, 2006 and upon reconsideration on November 22, 2006. *Id.* A hearing was held before an ALJ on February 13, 2008 in Danville, VA. *Id.* Claimant was represented by counsel at the hearing. *Id.* In his written opinion, the ALJ found that Claimant met the insured status requirements of the Social Security Act through June 30, 2009 and that Claimant had not engaged in substantial gainful activity since the alleged onset date of June 15, 2005. R. 16. Although the ALJ found that Claimant had "severe" impairments—as defined in *Evans v. Heckler*, 734 F.2d 1012 (4th Cir. 1984)—the ALJ concluded that "claimant does not have an

1

impairment or combination of impairments that meets or medically equals one of the listed impairments" in the CFR. R. 18. The ALJ also found that Claimant had the residual functional capacity to perform "unskilled work at least at the sedentary level of exertion," and that Claimant "can interact appropriately with others and has adequate mental functioning and concentration to perform simple tasks on a regular basis." R. 20. Ultimately, the ALJ found Claimant was not disabled under the Social Security Act. R. 23. Claimant appealed the ALJ's decision to the Appeals Council, "which found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision." Rep. and Rec. 2, ECF No. 16 (citing R. 1–3). This action ensued.

After reviewing the parties' respective Motions for Summary Judgment, ECF Nos. 12, 14, Magistrate Judge B. Waugh Crigler filed a Report and Recommendation, ECF No. 16, advising this Court to enter an Order remanding the case to the Commissioner "for further development of the record by securing a consultative mental status examination." Rep. and Rec. 1, ECF No. 16.

II. **Standard of Review**

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. *See* 42 U.S.C. § 405(g); *Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–

2

404.1545; see *Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) (noting that role of the ALJ, not the VE, is to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927. Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. *See id.* §§ 404.1527(e), 416.927(e); *see also Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for that of the Secretary.[1]" *Mastro*, 270 F.3d at 176 (quoting *Craig*, 76 F.3d at 589).

### III. <u>Arguments</u>

Claimant argued in his Brief in Support of his Motion for Summary Judgment that the ALJ erred in discounting the opinions offered by his treating source Eileen P. Houston, a Licensed Clinical Social Worker, and consulting examiner Blanche Williams, Ph.D., a licensed clinical psychologist. Pl.'s Brief, pp. 21–25. Regarding Claimant's condition, Dr. Williams opined:

> [P]laintiff was not capable of performing even simple, repetitive tasks on a consistent basis, he could not maintain regular work attendance or work consistently through a day or week without frequent interruption from severe psychiatric symptoms, and he would require special assistance on any job to which he might be assigned. The psychologist further opined that plaintiff could not interact properly with supervisors, coworkers, or the public, and he was not capable of effectively coping with the usual stresses of competitive work.

Rep. and Rec. 3, ECF No. 16.

The ALJ afforded Dr. Williams' analysis "no significant weight," noting that the assessment was a "one time evaluation made at the request of counsel, which lacks consistency and support of other

---

[1] Or the secretary's designate, the ALJ. *See Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987).

evidence of record, including the records of the treating therapists." R. 22. The ALJ then cited a state agency review as evidence contradicting Dr. William's conclusions: "[t]he State agency physicians concluded on review of the evidence that the claimant . . . [had] [n]o more than mild limitations . . . in any area of mental functioning" and was physically capable of performing some work. *Id.* Magistrate Judge Crigler notes, however, the psychiatric review from the state agency review "was conducted well over a year before Dr. Williams' evaluation was done." Rep. and Rec. 4, ECF No. 16 (citing R. 248–60). Therefore, the State "evaluation of medical records did not have the benefit of review of Dr. Williams' assessment . . . ." *Id.*

Dr. Williams' assessment is partially corroborated by one of Claimant's primary treating therapists, Eileen P. Houston, LCSW. Ms. Houston saw Claimant every other week in group therapy from October 2006 to at least the time of her last report on record, dated February 12, 2008 (which is one of the most recent evaluations in the record). R. 329. "Houston opined that plaintiff's *highest* global assessment of functioning ('GAF') over the past year had been 60," which indicates "moderate" symptoms or difficulties. Rep. and Rec. 4, ECF No. 16. GAF ratings indicate an individual's overall level of functioning on a scale of zero to one hundred. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. 2000). Houston's diagnosis of "moderate" difficulties conflicts with the State agency record reviewer's opinion that Claimant suffers only "mild" impairments. R. 258. While Houston is one of claimant's primary treating therapists, as an LCSW, she is "neither a medical expert nor an 'acceptable medical source.'" As a social worker, her opinion may provide insight into the severity of the claimant's impairment(s) and how it affects the claimant's ability to function." Rep. and Rec. 4, n. 1, ECF No. 16 (internal citations omitted).

Magistrate Judge Crigler recommends remanding this case because "[t]he record is not adequately developed for the undersigned to determine whether plaintiff's arguments [that the ALJ improperly discounted Dr. Williams' testimony] are meritorious." Rep. and Rec. 3, ECF No. 16. Judge

4

Crigler "believes that Dr. Williams' evidence certainly should have signaled to the Commissioner that plaintiff's mental impairment was at a level of severity which . . . should have triggered further evaluation." *Id.* at 5. As such, Judge Crigler finds that "good cause has been shown to remand the case to the Commissioner for further proceedings," specifically to "secur[e] a consultative mental status examination." *Id.* at 1, 5 (citing *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986)).

Defendant timely objected to the Magistrate Judge's Report and Recommendation, arguing that the ALJ based his decision on substantial evidence and that the decision not to purchase a consultative exam was well within the ALJ's discretion. D's Obj. to R&R, 2–3, ECF No. 17. Defendant notes that "Plaintiff interacted well with other [therapy] group members and provided positive and constructive feedback to the group." *Id.* at 2 (citing R. 273–80). Also, Plaintiff's GAF score improved from 50 to 60 over the course of "his conservative treatment." *Id.* (citing R. 275, 281, 329). Defendant concludes:

> Here, the record contained sufficient evidence from Plaintiff's own treating sources that his symptoms were, at most, mild-to-moderate and supported the ALJ's finding that Plaintiff could perform unskilled work—a finding that accounted for his mental symptoms. The extreme limitations assessed by a one-time consultative examiner—which were not supported by Plaintiff's own objective treatment notes—did not, as the Magistrate Judge found, "trigger" any need for further investigation.

*Id.* at 3–4. In support, Defendant cites *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996), where the Court stated, "20 C.F.R. §§ 404.1527(d)(2) & 416.927(d)(2) both provide, . . . [b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id.*

**IV.** <u>**Analysis**</u>

The Fourth Circuit "has held that the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (citing *Walker v. Harris*, 642 F.2d 712, 714 (4th Cir. 1981); *Marsh v. Harris*, 632 F.2d 296,

300 (4th Cir. 1980)). "The ALJ is required by 20 C.F.R. § 404.[944 (2010)] to inquire fully into each issue. He is held to a high standard in discharging this fact-finding requirement." *Marsh*, 632 F.2d at 299 (citing *Snyder v. Ribicoff*, 307 F.2d 518 (4th Cir. 1962), cert denied sub nom. *Heath v. Celebrezze*, 372 U.S. 945, 83 S.Ct. 938, 9 L.Ed.2d 970 (1963)). "[E]ven though the record as it is presented to the Court may contain substantial evidence to support the Secretary's decision, the Court may still exercise its power to remand for the taking of additional evidence." *Walker*, 642 F.2d at 714 (citations omitted).[2] "In a great number of cases, Courts of appeals have found good cause to remand where the administrative law judge fails diligently to explore all relevant facts . . . ." *Id.* (citing, *e.g., Sims v. Harris*, 631 F.2d 26 (4th Cir. 1980), *Marsh*, 632 F.2d 296, *Cutler v. Weinberger*, 516 F.2d 1282 (2d Cir. 1975); Hess v. Secretary of HEW, 497 F.2d 837 (3d. Cir. 1974)).

In *Cook*, 783 F.2d at 1173, the Fourth Circuit ordered remand where the ALJ concluded that claimant's arthritis, while "severe," did not match or equal a listed impairment and therefore the ALJ denied claimant's application. *Id.* "The decision of the ALJ," the Fourth Circuit noted, "fails to explain the reasons for the determination that Cook's arthritis did not meet or equal a listed impairment." *Id.* at 1172. Further, the Court held that the ALJ's "failure to ask further questions and to demand the production of further evidence, as permitted by 20 C.F.R. § 404.944, amounted to neglect of his duty to develop the evidence." *Id.* at 1173. Among the evidence not provided, but needed according to the Fourth Circuit, included:

1. A physician's opinion as to whether Cook suffers from joint inflammation;
2. A serologic test for rheumatoid factor;
3. A test for antinuclear antibodies;
4. A physician's opinion as to whether a sedimentation rate of 5mm/hr is "elevated";
5. A physician's report as to whether Cook suffers from enlargement of or effusion in any weight-bearing joint, such as the hip;

---

2     These cases note that the ALJ's duty to develop the record is heightened when the claimant is *pro se*. Here, Claimant had representation at the hearing. R. 27.

6

6. A physician's opinion as to whether the reduced flexion in Cook's hips corresponds to the section 1.03(B) requirement of stiffening at less than 20 degrees or more than 30 degrees from the "neutral position";
7. A physician's report as to whether Cook suffers from enlargement of or effusion in any major upper-extremity joint, such as the shoulder.

*Id.* It is unclear from the opinion whether Claimant was represented at the ALJ hearing. Regardless, the Fourth Circuit appears to have applied a stringent standard of review to the ALJ's development of the evidence.

Likewise, in *Walker*, 642 F.2d at 714, the Fourth Circuit remanded a social security appeal to take further evidence. *Id*. at 714–15. The Claimant in *Walker* lacked representation at the ALJ hearing. *Id.* at 714. The Fourth Circuit provided the following reasons for remanding the case:

> Mrs. Walker, with only four years of formal education, appeared unrepresented before the [ALJ]. The hearing lasted nineteen minutes. The claimant called no witnesses. The transcript reflects a barely-coherent, rambling monologue by her concerning, among other things, cats, chickens, unnatural sexual acts sought to be performed on her nephew, the death of her sister, and the removal of her nephew from her home. The [ALJ] made no effort to focus her testimony on relevant matters . . . [the ALJ] simply waited for Walker to exhaust herself and then concluded, "Do you think that about covers your problems?"

*Id*. The Court stated, "[w]e have no difficulty concluding that the [ALJ] failed in her duty 'scrupulously and conscientiously (to) probe into, inquire of, and explore for all the relevant facts' . . . ." *Id.* (citations omitted).

In *Marsh*, 632 F.2d at 299–300, the Fourth Circuit again remanded a case for further development of the record. *Id.* There, Claimant alleged debilitating epilepsy and was unrepresented at the ALJ hearing. *Id.* at 299. The Court found that the ALJ should have realized the need for a more recent EEG and requested more information from Claimant regarding frequency of attacks, ability to do household chores, and the effects of his medication. *Id.* Moreover, the ALJ had attempted to contact Claimant's treating physician to obtain additional evidence numerous times without success "but, nevertheless, deemed it appropriate to close the record without this evidence . . . ." *Id.* at 300.

Conversely, in *Craig*, 76 F.3d at 591, the Fourth Circuit declined to remand the case to further develop the record (though the case was remanded for other reasons). *Id.* Claimant suffered from a degenerative arthritic condition and was unrepresented at her ALJ hearing. *Id.* at 589. The ALJ found that Claimant "had the residual functional capacity to perform medium work . . . ." *Id.* In a brief portion of the opinion, the Court noted Claimant's argument that the ALJ had a duty to develop the record more adequately but rejected it on the merits:

> [T]he ALJ fully discharged the duty that our precedent contemplates. The ALJ questioned Craig about all relevant matters, and also questioned Craig's sister and mother-in-law as well. The ALJ inquired about, *inter alia*, her education level (ninth grade), her ability to read and write, her living conditions, her former work, her daily activities, and her subjective complaints of pain. Moreover, he reviewed all of her medical records in painstaking detail.

*Id.*

In the case at bar, Defendant's argument—and the ALJ's conclusion—that Dr. Williams' analysis is such an outlying opinion that it is undeserving of any significant weight is itself not conclusively supported by the record. Dr. Williams rated Claimant as a 44 on the GAF scale and his treating therapists rated him as low as 50. R. 19. Dr. Williams found that Claimant had an I.Q. of 64, which the ALJ discredited because "he graduated high school in regular classes and made average grades . . . ," but the ALJ did not cite any contradictory records regarding Claimant's I.Q. in his opinion. R. 13–24. Dr. Williams concluded that Claimant "could not work consistently without frequent interruption from severe psychiatric symptoms" and rated Claimant's abilities as "poor in all areas of functioning, except following work rules, using judgment, and maintaining personal appearance." R.17. The ALJ reasoned that Dr. Williams' conclusion "lacks consistency and support with the other evidence of record." The ALJ ignores, however, Claimant's honorable medical discharge from the Navy where he was treated for paranoid schizophrenia and depression. R. 29. I agree with Magistrate Judge Crigler that the record is not adequately developed enough to determine whether Dr. Williams' analysis is such an outlier as to warrant total disregard. Instead, Dr. Williams' opinion should have "triggered" the need for further

evaluation, as it currently lends credence to the low estimates of Claimant's abilities otherwise in the record.

**V.      Conclusion**

Magistrate Judge Crigler concluded that the "record is not adequately developed for the undersigned to determine" whether the ALJ erred in discrediting Eileen Houston and Dr. Williams.  Rep. and Rec. 3, ECF No. 16.   I agree.  Further evaluation may well undermine Claimant's allegations of disability, but currently the Magistrate Judge cannot adequately review the ALJ's finding without further developing the record.

For the reasons stated above it is the Order of this Court that the case be **REMANDED** to the Commissioner to take further evidence.  The ALJ should order a consultative mental status examination focusing on Claimant's ability to maintain regular work attendance, adequate work performance, and adequate interaction with supervisors and coworkers on a consistent basis in light of his possibly severe psychiatric symptoms.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this 11th day of March, 2011.

                                                                                s/Jackson L. Kiser
                                                                                Senior United States District Judge